IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS BLANK | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv14 |
| MELINDA ROBINSON,<br>in her individual capacity as the supervisor<br>of the U.S. Marshal Service, Sherman, Texas | §<br><br>§ | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION TO RECUSE

Came on for consideration, Plaintiff's motion entitled, "Motion to Recuse." *See* docket entry #5, at 1. The complaint in this case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

**I.     BACKGROUND**

Plaintiff filed the instant case apparently as a *Bivens*[1] action against the supervisor of the United States Marshal Service office in Sherman, Texas, for alleged deliberate indifference toward his medical needs during his incarceration associated with his federal criminal proceedings.

In the instant motion, Plaintiff seeks recusal of the District Judge who presided over his criminal proceedings, and who presides over the instant civil action, the Hon. Richard A. Schell; he also seeks recusal of the undersigned Magistrate Judge, who was also assigned to the criminal proceedings for review of pretrial matters. This Memorandum Opinion and Order will address the

---

[1]     *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

1

motion to recuse the undersigned Magistrate Judge only; the Court will prepare a separate Report and Recommendation on the issue of recusal of the District Judge for his consideration.

II.     **DISCUSSION AND ANALYSIS**

Plaintiff moves for recusal pursuant to 28 U.S.C. § 455. *See* Motion at 1. "[I]f the issue of a judge recusing [him]self arises either through a motion to recuse under § 455 or an affidavit of prejudice under § 144, the judge has the option to either transfer the matter to another judge for decision or determine it [him]self." *See Maldonado v. Ashcroft*, 108 Fed. Appx. 221, 222 (5th Cir. 2004) (per curiam) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir.1996)), *cert. denied*, 545 U.S. 1133, 125 S. Ct. 2946, 162 L. Ed. 2d 875 (2005). In this case, the undersigned Magistrate Judge will decide Plaintiff's motion with regard to that portion of the motion and will deny it. "[N]o authority 'suggests any negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on the motion' instead of referring it to another judge." *Doddy*, 101 F.3d at 458 n.7 (quoting *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 963 n.9 (5th Cir.), *cert. denied*, 449 U.S. 888, 101 S. Ct. 244, 66 L. Ed. 2d 114 (1980)).

Plaintiff's motion does not include an affidavit on the issue of bias or prejudice; furthermore, Plaintiff explicitly cites only § 455 in his motion. Therefore, the Court will treat his motion simply as one for recusal under § 455.

The main thrust of Plaintiff's motion is his concern that the undersigned's "impartiality might reasonably be questioned because. . ." of the assignment as referral Magistrate Judge during

Plaintiff's criminal proceedings and trial; Plaintiff's pending appeal[2]; and because the undersigned "was heavily involved with may aspects in relation to event that are stated by the Plaintiff in the complaint filed with the court" and Plaintiff will use "words" and "actions" by the undersigned "as evidence in this matter." Motion at 1. Otherwise, Plaintiff's motion is entirely vague and without citation to any specific reason for recusal, and suffers from a dearth of any substantiating fact indicating bias or a conflict of interest. He simply appears to imply, without being specific, that the undersigned Magistrate Judge will not be fair or impartial based on the previous proceedings in which he took a part. On that basis alone, he therefore seeks recusal. *Id*. at 1-2.

However, prior adverse judicial rulings alone do not support an allegation of bias under 28 U.S.C. § 455. *Maldonado*, 108 Fed. Appx. at 222 (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999), *reh'g and reh'g en banc denied*, 189 F.3d 471 (5th Cir. 1999), *and cert. denied*, 528 U.S. 1116, 120 S. Ct. 934, 145 L. Ed. 2d 813 (2000)); *see also In re Corrugated Container Antitrust Litigation*, 752 F.2d 137, 145 (5th Cir.), *reh'g denied,* 758 F.2d 651 (5th Cir.), *and cert. denied*, 473 U.S. 911, 105 S. Ct. 3536, 87 L. Ed. 2d 660 (1985). "In order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. Appx. 369, 383 (5th Cir. 2007) (*per curiam*) (citing *United States v. Grinnell Corp.*, 384 U.S. 563,

---

[2] However, the appeal is no longer pending. On December 4, 2012, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of conviction and sentencing by the District Court in the underlying criminal case. *See United States v. Blank*, 701 F.3d 1084 (5th Cir. 2012) (per curiam). Therefore, this argument no longer has any bearing on the decision herein.

583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)), *cert. denied*, 553 U.S. 1054, 128 S. Ct. 2487, 171 L. Ed. 2d 768 (2008).

Plaintiff has shown no such extrajudicial source of bias in any proceeding in this Court. Therefore, the undersigned will deny his motion to recuse himself from this proceeding. It is accordingly

**ORDERED** that Plaintiff's Motion to Recuse (docket entry #5) is hereby **DENIED IN PART** inasmuch as it seeks recusal of the undersigned Magistrate Judge.

**SIGNED this 28th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE